UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROL SCHWEITZER,     Case No. 1:05-cv-242

    Plaintiff,     Magistrate Judge Timothy S. Black

vs.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,     **MEMORANDUM OPINION AND ORDER**

    Defendant.

This civil action is before the Court on cross motions for summary judgment (docs. 18, 21), and the parties' responsive memoranda (docs. 20, 23, 25, 26). The parties have consented to disposition by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 7.)

## STIPULATED FACTS AND PROCEDURAL HISTORY

There are no factual disputes in this matter, only questions of law, and the parties have stipulated to the following facts:

    1.     On July 9, 2003, Plaintiff, Carol Schweitzer, suffered bodily injuries when she slipped and fell on water at a Thriftway store located in Mason, Ohio. Said store was owned and operated by Winn-Dixie, Inc., a subsidiary of Winn-Dixie Store, Inc. (hereinafter "Winn-Dixie").

    2.     Plaintiff's fall was caused by the negligence of Winn-Dixie and its maintenance and upkeep of its store.

    3.     Plaintiff retained legal counsel, Joe Lyon, Esq., and made a personal injury

claim to Winn-Dixie.

4. Winn-Dixie is self-insured for general liability. The general liability claims are administered by Sedgwick Claims Management Services, Inc., a third-party administrator (hereinafter "Sedgwick"). Winn-Dixie has no ownership interest in Sedgwick.

5. As a result of her fall, Plaintiff incurred $43,676.83 in medical expenses and $12,852.48 in lost wages.

6. Also as a result of her fall, Plaintiff underwent a total knee replacement on June 1, 2004 at the age of 49.

7. Settlement discussions between Everett Brooks, a Sedgwick claims representative, and Ms. Schweitzer's attorney included various offers and counteroffers from January 15, 2005 and February 10, 2005.

8. On February 10, 2005 Mr. Lyon and Mr. Brooks agreed to settle Plaintiff's bodily injury claim for $85,000.00.

9. On February 10, 2005 Mr. Brooks directed a fax to the Plaintiff's attorney confirming the terms of the settlement. (*See* Doc. 18, Ex. C).

10. Accompanying the fax of February 10, 2005, Mr. Brooks faxed the Plaintiff's attorney a release.

11. On February 11, 2005 Plaintiff signed the release. (*Id.*)

12. On February 21, 2005 Winn-Dixie Stores, Inc., and its subsidiaries, filed a

voluntary bankruptcy petition and those bankruptcy proceedings remain pending.[1]

14. To date, Ms. Schweitzer has received no money from Winn-Dixie or from Defendant. (Doc. 18.)

On April 10, 2005, Plaintiff initiated the instant action by filing a complaint against Sedgwick, alleging breach of contract and tortious interference with contractual relations. (Doc. 1).[2] Plaintiff is seeking to recover $85,000.00 from Sedgwick as a result of the settlement agreement reached on February 10, 2005. Sedgwick has filed a motion to dismiss Plaintiff's complaint asserting, *inter alia*, that Sedgwick, an agent of Winn-Dixie, cannot be liable for breach of contract, and that Plaintiff's sole remedy is pursuing a claim against Winn-Dixie in the pending bankruptcy proceeding. (Doc. 6).

Sedgwick's initial motion to dismiss was denied as moot, however, after the parties agreed to the resolve the action by filing cross motions for summary judgment. (*See* Docs. 17, 27).[3]

On March 17, 2006, Winn-Dixie initiated an adversary action in the United States Bankruptcy Court for declaratory relief in light of the instant civil action. (Doc. 30, Ex. A.) Winn-Dixie's complaint requested an Order from the United States Bankruptcy

---

[1] Winn-Dixie initially filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 05-11063. Since that time, the venue of the bankruptcy has been transferred to Jacksonville, Florida.

[2] On January 10, 2006, Plaintiff filed a motion for voluntary dismissal with respect to her claim for tortious interference with contractual relationship. (Doc. 19.) The unopposed motion is well-taken and is, therefore, granted.

[3] Additionally, on February 3, 2006, Sedgwick filed a motion for leave to file a third-party complaint. (Doc. 22). As noted below, that motion is denied as moot.

Court declaring that:

> (i) Sedgwick has no liability to Schweitzer as to the Schweitzer Action, (ii) as a result of her pre-petition settlment with Debtors [Winn-Dixie], Schweitzer holds an unsecured non-priority claim in the amount of $85,000, represented by Claim No. 5158, which will be allowed against Winn-Dixie in Case No. 05-03839, (iii) Schweitzer holds no other pre-petition claims against any of the Debtors, and (iv) granting such further relief as is just.

(*Id.*)

Thereafter, the United States Bankruptcy Court entered Final Judgment against Schweitzer, declaring that Sedgwick has "no liability to Schweitzer" with respect to this action and that "Schweitzer holds an allowed unsecured non-priority claim in the amount of $85,000. . . .against Winn-Dixie. . . ." (*Id.* at Ex. B).

Plaintiff asserts that she was not properly served with the adversary complaint, and she filed a motion to vacate the judgment of the United States Bankruptcy Court. As a result, on June 20, 2006, Plaintiff filed a motion to stay the proceedings in this matter, pending the Bankruptcy Court's decision on her motion to vacate its default judgment. (Doc. 32.)

On August 15, 2006, Sedgwick filed additional evidence in support it its motion for summary judgment, and attached the decision from the U.S. Bankruptcy Court denying Plaintiff's motion to set aside the default judgment. (Doc. 36, Ex. 1.) The U.S. Bankruptcy Court found that Plaintiff had failed to set forth any relevant facts establishing that Sedgwick is liable for the payment of settlement proceeds.

Accordingly, for the reasons that follow, the undersigned finds that Sedgwick is not liable to Plaintiff for the payment of the settlement proceeds, and that Sedgwick's motion for summary judgment is well-taken.

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## DISCUSSION

As correctly noted by the United States Bankruptcy Court, Sedgwick, as the disclosed agent of Winn-Dixie, is not liable for Winn-Dixie's failure to fund the settlement agreement. *See Stuart v. Nat'l Indem. Co.*, 7 Ohio App.3d 63, 67, 454 N.E.2d 158, 163 (Ohio Ct. App. 1982)("An agent acting for an openly identified principal is

ordinarily not liable in contact for the principles breach of contract, because the claimant has presumably relied solely on the known principal's credit and performance.")(citations omitted); *James G. Smith & Assocs., v. Everett*, 1 Ohio App.3d 118, 120, 439 N.E.2d 932, 935 (Ohio Ct. App. 1981) (If the existence of the agency and the identity of the principal are known to a plaintiff, the agent is not liable for any breach of the principal as long as the agent was acting within the scope of its authority.)

Furthermore, upon the filing of a bankruptcy petition, all of the debtor's property becomes property of the estate. *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 22, 829 N.E.2d 326, 334 (Ohio Ct. App. 2005). Thus, absent an express order from the Bankruptcy Court, Sedgwick is prohibited from dispensing assets of Winn-Dixie.

Contrary to Plaintiff's assertion that she was unaware of the agency relationship between Winn-Dixie and Sedgwick, Sedgwick's role as Winn-Dixie's third-party administrator was clearly identified to Plaintiff's counsel long before the instant action was initiated. (*See* Doc. 21, Ex. 1). As expressed by Sedgwick, the events in question, while unfortunate, do not trigger any contractual liability on the part of Sedgwick.

As such, the undersigned finds that Sedgwick is entitled to entry of judgment as a matter of law.

**CONCLUSION**

In sum, based on the evidence of record, the Court finds that there is no genuine issue of material fact for trial, and that Defendant Sedgwick is entitled to judgment as a matter of law. **IT IS THEREFORE ORDERED** that Sedgwick's motion for summary judgment (doc. 21) is **GRANTED**; Plaintiff's motion for summary judgment (doc. 18) is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's motion to stay (doc. 32) and Sedgwick's motion for leave to file a third-party complaint (doc. 22) are **DENIED as MOOT**; and this case is **CLOSED**.

**DATE:** October 3, 2006               s/Timothy S. Black
                                        Timothy S. Black
                                        United States Magistrate Judge